[Cite as *Pearsall v. Guernsey*, 2017-Ohio-681.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

SUSAN PEARSALL,

    PLAINTIFF-APPELLANT,          CASE NO.  5-16-25

    v.

THOMAS C. GUERNSEY, DDS, ET AL.,       O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2016 CV 00067

Judgment Affirmed

Date of Decision:   February 27, 2017

APPEARANCES:

    *Susan M. Pearsall,* **Appellant**

    *Paul R. Bonfiglio* **for Appellee**

**PRESTON, P.J.**

{¶1} Plaintiff-appellant, Susan Pearsall ("Pearsall"), pro se, appeals the judgment of the Hancock County Court of Common Pleas dismissing her complaint against defendants-appellees, Thomas C. Guernsey, DDS ("Guernsey") and Derik E. Utz, DDS ("Utz") (collectively "defendants"). For the reasons that follow, we affirm.

{¶2} This case stems from a medical-malpractice complaint filed on October 23, 2014 for injuries Pearsall suffered after seeking dental treatment from Guernsey from February 14 through April 29, 2013.[1] (Doc. Nos. 1, 54). Pearsall's October 23, 2014 complaint was dismissed by the trial court without prejudice on February 25, 2015 because she failed to file an affidavit of merit. (*Id.*).[2]

{¶3} Pearsall filed a second complaint on February 18, 2016, in which she alleged medical negligence against Guernsey *and* Utz—that is, Pearsall alleged Guernsey negligently performed dental work on her from February 14 through April 29, 2013 and alleged Utz negligently performed dental work on her on February 21, 2013. (Doc. No. 1). In her second complaint, Pearsall alleges that she discovered defendants' negligence in December 2015. (Doc. Nos. 1, 54). Pearsall further avers in her second complaint that she sent defendants "180-day letters" on April 4, 2014.

---

[1] "The original complaint named only Guernsey as a defendant but mentioned Utz as a dentist and individual who provided her dental care in February of 2013." (Doc. No. 54).
[2] The record does not contain documents related to Pearsall's October 23, 2014 complaint.

(Doc. No. 1). Pearsall also averred that Guernsey received his 180-day letter on April 9, 2014 and that Utz received his letter on April 24, 2014. (*Id.*).

**{¶4}** Defendants filed their answer on April 25, 2016 after the trial court granted defendants an extension of time to file their answer.[3] (Doc. Nos. 14, 17). On May 5, 2016, Pearsall filed a motion for default judgment alleging that defendants failed to file their answer prior to April 21, 2016 as ordered by the trial court. (Doc. No. 19). Defendants filed a memorandum in opposition to Pearsall's motion for default judgment on May 9, 2016. (Doc. No. 21). The trial court denied Pearsall's motion on June 23, 2016. (Doc. No. 34).

**{¶5}** On July 27, 2016, Utz filed a motion to dismiss under Civ.R. 12(B)(6) alleging that Pearsall's complaint is barred by the statute of limitations. (Doc. No. 39). On August 17, 2016, Pearsall filed a memorandum in opposition to Utz's motion to dismiss and a motion for leave to amend her complaint. (Doc. No. 43). Utz filed his reply to Pearsall's memorandum in opposition to his motion to dismiss on August 25, 2016. (Doc. No. 46). The trial court granted Utz's motion to dismiss on September 20, 2016 after concluding that Pearsall's complaint is barred by the statute of limitations, and denied Pearsall's motion to amend her complaint. (Doc.

---

[3] The trial court extended the time for defendants to file their answer until April 21, 2016. (Doc. No. 14).

No. 54). On September 26, 2016, the trial court dismissed Pearsall's complaint against Utz.[4] (Doc. No. 57).

**{¶6}** On October 26, 2016, Pearsall filed her notice of appeal of the trial court's September 26, 2016 order dismissing her complaint against Utz. (Doc. No. 64). She raises three assignments of error for our review, which we will discuss together.

## Assignment of Error No. I

**The trial court erred in ordering the dismissal of the claim against Utz based on the trial court's decision to reject Pearsall's allegation of the date she discovered that the dental work Utz performed on her was unnecessary and improper, the trial court's decision being supported by the trial court's unmerited opinion that the allegations are inconsistent.**

## Assignment of Error No. II

**The trial court erred in denying Pearsall's motion for leave to amend complaint, the decision being supported by the trial court's unmerited opinion that such leave would be futile and the trial court's unmerited opinion that the allegations are inconsistent.**

## Assignment of Error No. III

**The trial court erred in ordering the dismissal of the claim against Utz with prejudice when four years have not passed from the occurrence date and facts could be pleaded properly that determine the accrual date.**

---

[4] The trial court's order dismissing Pearsall's complaint against Utz is a final, appealable order because the trial court specifically found that there is "no just reason for delay" in entering its final judgment under Civ.R. 54(B). (Doc. No. 57).

**{¶7}** In her assignments of error, Pearsall argues that the trial court erred in dismissing her complaint against Utz because her complaint is barred by the statute of limitations under R.C. 2305.113. Specifically, in her first and second assignments of error, Pearsall contends that the trial court erred by rejecting the date she asserts she discovered her injury and erred by denying her motion to amend her complaint to reflect that date of discovery. In her third assignment of error, Pearsall contends the trial court erred by concluding that Ohio's statute of repose does not save her claim from being time barred.

**{¶8}** "A [Civ.R. 12(B)(6)] motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests whether the complaint is sufficient." *Bd. of Health of Defiance Cty. v. McCalla*, 3d Dist. Defiance No. 4-12-07, 2012-Ohio-4107, ¶ 33, citing *State ex rel. Hanson v. Guernsey Cty. Bd. Of Commrs.*, 65 Ohio St.3d 545, 548 (1992). "In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief can be granted, it must appear 'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief.'" *McBroom v. Safford*, 10th Dist. Franklin No. 11AP-885, 2012-Ohio-1919, ¶ 7, quoting *Grey v. Walgreen Co.*, 8th Dist. Cuyahoga No. 96846, 2011-Ohio-6167, ¶ 3, citing *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not

grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144 (1991).

**{¶9}** "We review de novo a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *McCalla* at ¶ 33, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. "Under de novo analysis, we are required to 'accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party.'" *McBroom* at ¶ 9, quoting *Grey* at ¶ 3, citing *Byrd v. Faber*, 57 Ohio St.3d 56 (1991).

**{¶10}** Under R.C. 2305.113(A), "an action upon a * * * dental * * * claim shall be commenced within one year after the cause of action accrued." A "dental claim" is:

> any claim that is asserted in any civil action against a dentist, or against any employee or agent of a dentist, and that arises out of a dental operation or the dental diagnosis, care, or treatment of any person.

R.C. 2305.113(E)(6).

**{¶11}** "A cause of action for medical malpractice accrues, and the one-year statute of limitations commences to run when the patient discovers, or in the exercise of reasonable care and diligence should have discovered, the resulting injury or when the physician-patient relationship for that condition terminates,

whichever occurs later." *Josolowitz v. Grant/Riverside Methodist Hosp. Corp.*, 10th Dist. Franklin No. 99AP-1462, 2000 WL 861836, *2 (June 29, 2000), citing *Frysinger v. Leech*, 32 Ohio St.3d 38 (1987), paragraph one of the syllabus. "In making that determination, the court must look to the facts of the case in order to find (1) when the injured party became aware, or should have become aware, of the extent and seriousness of his condition, (2) whether the injured party was aware, or should have been aware, that the condition was related to a specific medical service previously rendered him, and (3) whether the condition would put a reasonable person on notice of the need for further inquiry as to the cause of the condition." *Tausch v. Riverview Health Inst.*, 187 Ohio App. 3d 173, 2010-Ohio-502, ¶ 39 (2d Dist.), citing *Hershberger v. Akron City Hosp.*, 34 Ohio St.3d 1 (1987).

**{¶12}** "In determining the first prong of the *Hershberger* test regarding the injured party's awareness of the extent and seriousness of his condition, the court must find that a 'cognizable event' occurred that put the party on notice that his injury is related to a specific medical procedure and of the need to pursue his possible remedies." *Id.* at ¶ 40, citing *Allenius v. Thomas*, 42 Ohio St.3d 131 (1989).

> "*[C]onstructive* knowledge of facts, rather than *actual* knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule. A plaintiff need not have

discovered all the relevant facts necessary to file a claim in order to

trigger the statute of limitations."

(Emphasis sic.) *Id*., quoting *Flowers v. Walker*, 63 Ohio St.3d 546, 549 (1992).

{¶**13**} However, "R.C. 2305.113(B) (formerly R.C. 2305.11(B)) 'provides

an exception to [R.C. 2305.113(A)] by affording litigants the opportunity to extend

the one-year statute of limitations for an additional one hundred eighty days from

the time proper notice is given to potential defendants.'" *Szwarga v. Riverside*

*Methodist Hosp.*, 10th Dist. Franklin No. 13AP-648, 2014-Ohio-4943, ¶ 8, quoting

*Marshall v. Ortega*, 87 Ohio St.3d 522, 523 (2000). R.C. 2305.113(B)(1) provides:

> If prior to the expiration of the one-year period specified in division
>
> (A) of this section, a claimant who allegedly possesses a * * * dental
>
> * * * claim gives to the person who is the subject of that claim written
>
> notice that the claimant is considering bringing an action upon that
>
> claim, that action may be commenced against the person notified at
>
> any time within one hundred eighty days after the notice is so given.

{¶**14**} The trial court did not err by dismissing Pearsall's complaint under

Civ.R. 12(B)(6). There is no set of facts, consistent with Pearsall's complaint,

which would allow her to recover—that is, it is apparent from the face of Pearsall's

complaint that her complaint against Utz is barred by the statute of limitations under

R.C. 2305.113. Pearsall did not file her complaint against Utz within one-year of

when she discovered, or in the exercise of reasonable care and diligence should have discovered, her injury or when her dentist-patient relationship ended, and no exception extending the statute of limitations applies.

{¶15} In this case, Pearsall alleges that she received dental care from Utz on February 21, 2013, and that she terminated her relationship with the clinic at which Utz is employed on April 29, 2013. Notwithstanding Pearsall's allegation that she did not discover that the dental care provided by Utz was "unnecessary and improper" until December 2015, it is apparent from the face of the complaint that April 29, 2013—the date which Pearsall terminated her relationship with the dental clinic at which Utz is employed—is the cognizable event that put Pearsall on notice of her cause of action against Utz. Indeed, Pearsall states in her complaint that she sent 180-day letters to Guernsey and Utz "[p]rior to the expiration of the one-year limitation of actions for malpractice" to ensure that "final notice was in effect given to Utz and Guernsey each on April 29, 2014." (Doc. No. 1 at Para. 15). Pearsall's letter to Utz, which is attached to her complaint, is captioned "Re: Notice that action on claim may be commenced 180 days after April 29, 2014." (Doc. No. 1, Ex. B). In the letter, she informs Utz:

> This is a written notice to notify you that I am considering bringing
> an action upon a claim regarding the medical practice I was subject to
> as your patient at Tri-County Dental Center.

> This notification extends the time period within [sic] the action may
>
> be commenced by one hundred eighty days past April 29, 2014.

(*Id.*).

{¶16} Clearly, based on that letter, Pearsall's cause of action was not undiscovered by her until December 2015. Instead, by Pearsall's own admission in her complaint, the cognizable event triggering the commencement of the one-year statute of limitations under R.C. 2305.113(A) occurred on April 29, 2013. Accordingly, the one-year statute of limitations would have expired on April 29, 2014—as aptly pointed out in Pearsall's complaint. Nonetheless, if we assume without deciding that the letter Pearsall sent to Utz is a proper 180-day letter, Pearsall would have extended the statute of limitations until October 24, 2014.[5]

{¶17} Pearsall filed her first complaint on October 23, 2014; however, that complaint was dismissed by the trial court without prejudice on February 25, 2015 because she failed to file an affidavit of merit. Yet, R.C. 2305.19, Ohio's savings statute, provides, in relevant part:

> In any action that is commenced or attempted to be commenced, [and]
>
> if in due time * * * the plaintiff fails otherwise than upon the merits,
>
> the plaintiff * * * may commence a new action within one year after
>
> the date of * * * the plaintiff's failure otherwise than upon the merits

---

[5] Pearsall concedes in her complaint that Utz received his 180-day letter on April 24, 2014. (Doc. No. 1, Para. 15).

or within the period of the original applicable statute of limitations, whichever occurs later.

**{¶18}** Pearsall filed her second complaint on February 18, 2016. At first glance, it would appear that Pearsall's second complaint is timely under R.C. 2305.19. However, "R.C. 2305.19 will 'save' a re-filed action that would otherwise be barred by a statute of limitations when the requirements of the rule have been satisfied, and 'when the original suit and the new action are substantially the same.'" *Carl L. Brown, Inc. v. Lincoln Nat. Life Ins.*, 10th Dist. Franklin No. 02AP-225, 2003-Ohio-2577, ¶ 42, quoting *Children's Hospital v. Ohio Dept. of Pub. Welfare*, 69 Ohio St.2d 523, 525 (1982). Under R.C. 2305.19, "'actions are not substantially the same, however, when the parties in the original action and those in the new action are different.'" *Id.*, quoting *Children's Hospital* at 525. Pearsall's first complaint, as Pearsall concedes, did not name Utz as a defendant—it named only Guernsey as a defendant. (*See* Doc. Nos. 1, 54); (Appellant's Brief at 3). Because Utz was not a party to Pearsall's original action, Pearsall cannot take advantage of the one-year "grace period" under R.C. 2305.19. *Id.* at ¶ 43. As such, Pearsall's February 18, 2016 complaint against Utz is untimely and barred by the statute of limitations.

**{¶19}** Nonetheless, Pearsall argues in her second assignment of error that the trial court erred by denying her motion for leave to amend her complaint to reflect

that she discovered her injury in December 2015. "Pursuant to Civ.R. 15(A), after responsive pleadings have been served, 'a party may amend his pleading only by leave of court or by written consent of the adverse party,' and according to the rules, '[l]eave of court shall be freely given when justice so requires.'" *Dublin v. Wirchanski*, 3d Dist. Union No. 14-10-22, 2011-Ohio-2461, ¶ 16, quoting Civ.R. 15(A). "While the rule allows for liberal amendment, motions should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party." *Howick v. Lakewood Village Ltd. Partnership*, 3d Dist. Mercer No. 10-06-25, 2007-Ohio-4370, ¶ 37, citing *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 92, 99 (1999). A trial court's decision to grant or deny a motion for leave to amend a pleading is discretionary and will not be reversed absent an abuse of discretion. *Id.* at ¶ 37, citing *State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610 (1996). "An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable." *Id.*, citing *State ex rel. Askew* at 610. As we discussed above, the face of Pearsall's complaint alleges that she was on notice of her cause of action *prior* to December 2015. As such, the trial court did not abuse its discretion by denying her motion for leave to amend her complaint.

{¶20} Furthermore, it appears that Pearsall is arguing in her third assignment of error that, notwithstanding the one-year statute of limitations imposed under R.C. 2305.113(A), she should have been permitted four years to file her complaint under

R.C. 2305.113(C). Pearsall is mistaken. R.C. 2305.113(C), Ohio's statute of repose, provides:

> (C) Except * * * as provided in division (D) of this section, both of the following apply:
>
> (1) No action upon a medical, dental, optometric, or chiropractic claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim.
>
> (2) If an action upon a medical, dental, optometric, or chiropractic claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim, then, any action upon that claim is barred.

"Simply stated, regardless of the applicable statute of limitations, 'a person must file a medical claim no later than four years after the alleged act of malpractice occurs or the claim will be barred.'" *York v. Hutchins*, 12th Dist. Butler No. CA2013-09-173, 2014-Ohio-988, ¶ 10, quoting *Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, ¶ 2 ("The statute establishes a period beyond which medical claims may not be brought even if the injury giving rise to the claim does not accrue because it is undiscovered until after the period has ended."). R.C. 2305.113(D)(1)

-13-

and (2) provides limited exceptions to the four-year limitation "for malpractice discovered during the fourth year after treatment and for malpractice that leaves a foreign object in a patient's body." *Ruther* at ¶ 2. Under those exceptions, plaintiffs have an additional year following the discovery of their injury to file a claim. *Id.* Ohio's statute of repose is inapplicable to Pearsall's claim to extend the one-year statute of limitations because her injury was not undiscovered. Stated differently, Ohio's statute of repose forever bars any claim after the four-year period provided by R.C. 2305.113(C) expires, while R.C. 2305.113(A) bars claims not commenced within one year of "discovery."

**{¶21}** For these reasons, the trial court did not err in granting Utz's motion to dismiss under Civ.R. 12(B)(6).

**{¶22}** As such, Pearsall's assignments of error are overruled.

**{¶23}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**

-14-