[Cite as *Faber v. Seneca Cty. Sheriff's Dept.*, 2018-Ohio-786.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

ERIC A. FABER, ET AL.,

      CASE NO. 13-17-29

    PLAINTIFFS-APPELLANTS,

    v.

SENECA COUNTY SHERIFF'S       O P I N I O N
DEPT., ET AL.,

    DEFENDANTS-APPELLEES.

---

Appeal from Seneca County Common Pleas Court
Trial Court No. 17-CV-0013

Judgment Affirmed

Date of Decision: March 5, 2018

---

APPEARANCES:

    *Gene P. Murray* for Appellants

    *Teresa L. Grigsby* for Appellees

**WILLAMOWSKI, P.J.,**

{¶1} Plaintiffs-appellants Eric A. Faber ("Eric"), Robert E. Faber, and Martha J. Faber appeal the judgment of the Seneca County Court of Common Pleas (1) for granting appellees' 12(B)(6) motion to dismiss; and (2) for finding the appellants' claim for injunctive relief to be moot. For the reasons set forth below, the judgment of the lower court is affirmed.

*Facts and Procedural History*

{¶2} On January 10, 2017, the appellants filed a complaint that named the Seneca County Sheriff's Department and Sheriff William E. Eckelberry ("Sheriff Eckelberry") as defendants. Doc. 2. The complaint alleged that Eric, while he was an inmate in the Seneca County Jail, was assaulted on January 13, 2015, by another inmate Jose Garcia ("Garcia"). *Id.* Garcia was allegedly an illegal immigrant who was in the appellees' custody and was awaiting deportation. *Id.* The complaint claims that Garcia was motivated to assault Eric by a desire "to obtain a new criminal offense, and thereby avoid or otherwise delay his deportation * * *." *Id.* The complaint stated that the appellees were "responsible for the operation of the Seneca County Jail" and "fail[ed] to safeguard and protect their ward." *Id.*

{¶3} The appellants also requested an order from the trial court that would require the appellees to keep detainees who are awaiting deportation in a separate area from the other inmates in the local jail. *Id.* If the appellees were not able to keep the ICE detainees separately from the other inmates, the appellants

alternatively requested "the [trial court] to Order that the Defendants cease and desist from any further participation in the ICE-related detaining and deportation process." *Id.*

{¶4} On June 1, 2017, the appellees filed a motion for judgment on the pleadings. Doc. 14. In this motion, the appellees argued that Sheriff Eckelberry was only sued in his official capacity and, therefore, had immunity under R.C. 2744.02. *Id.* The trial court granted the appellees' motion on September 6, 2017. Doc. 17. The appellants filed notice of appeal on October 6, 2017. Doc. 18. On appeal, the appellants raise the following two assignments of error:

### First Assignment of Error

**The trial court abused its discretion by erroneously deciding that no allegations of liability were made in the complaint against Defendant William E. Eckelberry, individually, …As the plaintiffs did indeed claim damages jointly and "severally" against each defendant, thereby individualizing the actions and the claims against each defendant, with allegations of recklessness, and accordingly stating a valid actionable claim against the named individual, William E. Eckelberry, in the complaint, which should survive a motion to dismiss on the pleadings.**

### Second Assignment of Error

**The trial court abused its discretion by dismissing the plaintiffs' claim against the defendants for injunctive relief on the sole grounds of mootness, as the trial court erroneously claimed there were no allegations in the complaint that the Seneca County Jail presently houses ICE detainees, when indeed, the plaintiffs' complaint indicated that Federal Immigration and Customs Enforcement (known by the acronym "ICE") detainees are being held by the defendants in the Seneca County Jail. Wherefore, the**

**fact that the trial court conceded that only "after the alleged assault" that Plaintiff Eric Faber was housed separately from the person, to wit, the ICE detainee who assaulted him, accordingly so indicates without equivocation, there is no protective separation of ICE detainees and the local inmate population, which is not a moot point to the safety of the local inmate population, with regard to the practical effects upon the existing controversy, which so exists in the Seneca County Jail, and which commingles ICE detainees with the local inmate population, and with the ICE detainees' incentives to commit crimes against the local inmate population in order to remain in the United States because of new crimes, or because of the charges received, therefrom, delaying deportation.**

We will consider these assignments of error in the order in which they were presented in the appellants' brief.

### *First Assignment of Error*

**{¶5}** In their first assignment of error, the appellants argue that the trial court erred by granting appellees' Civ.R. 12(B)(6) motion to dismiss, alleging that their complaint contains a prima facie tort claim against the sheriff.[1]

### Legal Standard

**{¶6}** "A [Civ.R. 12(B)(6)] motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests whether the complaint is sufficient." *Pearsall v. Guernsey*, 2017-Ohio-681, 86 N.E.3d 69, ¶ 8 (3d Dist.), quoting *Bd. of Health of Defiance Cty. v. McCalla*, 3d Dist. Defiance No. 4-12-07, 2012-Ohio-4107, ¶ 33. For a Civ.R. 12(B)(6) dismissal to be proper, "it must appear

---

[1] In their assignment of error, the appellants do not challenge the decision of the trial court to grant the appellees' 12(B)(6) motion as to the Seneca County Sheriff's Department. Thus, we will limit our analysis to whether the 12(B)(6) motion was properly granted as to Sheriff Eckelberry.

beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Arnett v. Precision Strip, Inc.*, 2012-Ohio-2693, 972 N.E.2d 168, ¶ 5 (3d Dist.), quoting *LeRoy v. Allen, Yurasek, & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14.

**{¶7}** On review, "[t]he allegations of the complaint must be taken as true, and those allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor." *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12. An appellate court reviews a trial court's decision to grant a Civ.R. 12(B)(6) motion de novo. *Ballreich Bros., Inc. v. Criblez*, 3d Dist. Hancock No. 5-09-36, 2010-Ohio-3263, ¶ 9.

> **Because affirmative defenses typically rely on matters outside the complaint, they normally cannot be raised in a Civ.R. 12(B)(6) motion. If, however, the existence of an affirmative defense is obvious from the face of the complaint, a court may grant a Civ.R. 12(B)(6) motion on the basis of the affirmative defense. In so ruling, a court must exercise caution because 'complaints need not anticipate and attempt to plead around defenses.' Thus, unless the face of the complaint obviously or conclusively establishes the affirmative defense, a court may not dismiss the complaint for failure to state a claim.**

(Citations omitted). *Cristino v. Bur. of Workers' Comp.*, 2012-Ohio-4420, 977 N.E.2d 742, ¶ 21 (10th Dist.). *Miller v. Van Wert Cty. Bd. of Mental Retardation & Dev. Disabilities*, 3d Dist. Van Wert No. 15-08-11, 2009-Ohio-5082, ¶ 19.

{¶8} Revised Code Chapter 2744 provides general immunity to political subdivisions subject to several statutory exceptions. *O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, ¶ 47. This immunity is extended to elected officeholders who hold positions within political subdivisions. *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, 927 N.E.2d 585, ¶ 14, 22.

> **A complainant may sue an elected official in either his or her official capacity or in his or her individual capacity. When the complainant sues an elected official in his or her individual capacity, R.C. 2744.03(A)(6) applies and the official will be immune from suit unless the complainant can show that one of the exceptions set forth in that subdivision applies.**

*Field v. Summit Cty. Child Support Agency*, 2016-Ohio-7026, 72 N.E.3d 165, ¶ 15. However, "if the allegations are directed against the holder of an office in his official capacity, it is the equivalent of suing the political subdivision itself." *Thompson v. Buckeye Joint Vocational Sch. Dist.*, 2016-Ohio-2804, 55 N.E.3d 1, ¶ 39 (5th Dist.).

{¶9} Thus, R.C. 2744.02 and the exceptions contained therein apply to claims filed against an elected official who is sued in his or her official capacity. *Lambert* at ¶ 14, 22. The process of determining civil liability for a political subdivision under R.C. 2744.02 involves a three-tier analysis. *Wentworth v. Coldwater*, 3d Dist. Mercer No. 10-14-18, 2015-Ohio-1424, ¶ 21.

> **The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a governmental function or proprietary function. R.C. 2744.02(A)(1). However, that immunity is not absolute. R.C. 2744.02(B).**

> **The second tier of the analysis requires a court to determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability. At this tier, the court may also need to determine whether specific defenses to liability for negligent operation of a motor vehicle listed in R.C. 2744.02(B)(1)(a) through (c) apply.**
>
> **If any of the exceptions to immunity in R.C. 2744.02(B) do apply and no defense in that section protects the political subdivision from liability, then the third tier of the analysis requires a court to determine whether any of the defenses in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability.**

*Riffle v. Physicians & Surgeons Ambulance Serv., Inc.*, 135 Ohio St.3d 357, 2013-Ohio-989, 986 N.E.2d 983, ¶ 15, quoting *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 7-9.

{¶10} The five exceptions to immunity listed under R.C. 2744.02(B) read as follow:

> **(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority. * * ***
>
> * * *
>
> **(2) Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.**
>
> **(3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep**

**public roads in repair and other negligent failure to remove obstructions from public roads * * *.**

**(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.**

**(5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term "shall" in a provision pertaining to a political subdivision.**

R.C. 2744.02(B). Courts proceed to the third tier of the analysis only if one of the exceptions in R.C. 2744.02(B) applies. *Wentworth* at ¶ 23.

Legal Analysis

{¶11} In this case, we must first determine whether Sheriff Eckelberry was sued in his official capacity or as an individual. The wording of the appellants' complaint addresses Sheriff Eckelberry in his official capacity. Doc. 2. "The complaint does not add the words 'personally,' 'individually,' 'an employee of the

[Seneca County Sheriff's Office],'" or other language that would indicate that Sheriff Eckelberry is being sued in an individual capacity as a county employee. *Lambert* at ¶ 15. Further, the complaint challenges the policies and practices of the Seneca County Sheriff's Office. *Id.* at ¶ 16. The complaint does not allege any facts in which Sheriff Eckelberry was acting personally in an individual capacity. *Id.*

{¶12} The appellants argue that the complaint does address Sheriff Eckelberry as an individual because damages were sought "jointly and severally" from the appellees. Doc. 2. We do not find this argument to be persuasive. In *Lambert v. Clancy, supra*, a complaint was filed against a County Clerk of Courts that "ask[ed] for relief solely from [the clerk] and not any public body or office." *Lambert* at ¶ 16. Yet the Supreme Court of Ohio still found that this complaint initiated a suit against the clerk in his official capacity and that the immunity provisions of R.C. 2744.02 applied. *Id.* Thus, we find that Sheriff Eckelberry was sued in his official capacity. We turn now to determine whether any of the exceptions listed in R.C. 2744.02(B) apply in this case.

{¶13} The appellants' complaint does not allege any facts related to (1) the negligent operation of a motor vehicle; (2) negligence with regard to a proprietary function; (3) a failure to maintain a public road; (4) a physical defect in a building used in connection with a governmental purpose; or (5) a provision in the Revised Code that expressly imposes civil liability. R.C. 2744.02(B). Since this complaint does not implicate any of the five exceptions listed in R.C. 2744.02(B), the general

sovereign immunity provision of R.C. 2744.02(A)(1) applies. Thus, this complaint does not present a claim upon which relief can be granted. For these reasons, the appellants' first assignment of error is overruled.

*Second Assignment of Error*

{¶14} In their second assignment of error, appellants argue that the trial court abused its discretion by dismissing their claim for injunctive relief on the grounds that this claim was moot.

Legal Standard

{¶15} Mootness is a "doctrine of standing in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Siferd v. Siferd*, 2017-Ohio-8624, --- N.E.3d ---, ¶ 12, quoting *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). "The duty of a judicial tribunal is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot effect the matter in issue in the case before it." *State v. City of Lima*, 3d Dist. Allen No. 1-76-62, 1977 WL 199279, *2 (June 24, 1977). "Consequently, a case is moot where a judgment is sought on a matter that when rendered does not have any practical effect upon the issues raised by the pleadings." *RLJ Management Co., Inc. v. Larry Baldwin*, 3d Dist. Crawford No. 3-01-16, 2001 WL 1613014 (Dec. 18, 2001).

Legal Analysis

**{¶16}** In this case, the complaint was filed on January 10, 2017, and alleged that a tort occurred on January 13, 2015. Doc. 1, 2. The appellants did not allege that Eric remains detained in the Seneca County Jail. Doc. 2. From the complaint, Eric does not appear to be subject to the practice that the appellants are challenging. *Id*. Thus, the complaint has not alleged an existing controversy or established that an injunction from the trial court could grant Eric any measure of relief. Further, the appellants have not even alleged that the Seneca County Jail has continued the practice about which they complain. *Id*. Rather, the appellants only requested that the trial court order the Seneca County Jail to cease a practice that had been in place in 2015. *Id*. For these reasons, we find that the trial court did not err in finding that the appellants' request for injunctive relief was moot. Thus, the appellants' second assignment of error is overruled.

*Conclusion*

**{¶17}** Having found no error prejudicial to the appellants in the particulars assigned and argued, the judgment of the Seneca County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and PRESTON, J.J., concur.**

**/hls**