[Cite as *Chilcoat v. Grey*, 2026-Ohio-2370.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

SHAWNDALE CHILCOAT, ET AL.

    PLAINTIFFS-APPELLANTS,

  v.

JEFF GREY, ET AL.,

    DEFENDANTS-APPELLEES.

CASE NO. 10-26-05

**OPINION AND JUDGMENT ENTRY**

Appeal from Mercer County Common Pleas Court
Civil Division

Trial Court No. 26-CIV-004

**Judgment Affirmed**

**Date of Decision: June 22, 2026**

APPEARANCES:

    *Shawndale D. Chilcoat* **Appellant**

    *Donald E. Chilcoat* **Appellant**

    *William Lang* **for Appellees**

**WALDICK, J.**

{¶1} Plaintiffs-appellants, Shawndale Chilcoat and Donald Chilcoat ("the Chilcoats"), appeal the February 20, 2026 judgment of the Mercer County Court of Common Pleas dismissing their complaint against the defendants-appellees, Jeff Grey and Doug Timmerman ("the defendants"). On appeal, the Chilcoats argue that the trial court erred in granting the Civ.R. 12(B)(6) motion to dismiss filed by the defendants. For the reasons set forth below, we affirm.

*Facts and Procedural History*

{¶2} On January 7, 2026, the Chilcoats filed a pro se complaint in the trial court for Declaratory Relief, False Imprisonment, Abuse of Office, Theft by Deprivation, and Injunctive Relief against the defendants in their individual and official capacities. In the caption of the complaint, defendant Grey was identified as the former Sheriff of Mercer County, and defendant Timmerman was denoted a Deputy Sheriff in Mercer County.

{¶3} In the complaint, the Chilcoats factually alleged that on August 11, 2022, and again on October 11, 2023, they were arrested and restrained in Ohio, and that no Ohio criminal case existed at either time and that no Ohio judge exercised supervision over the arrests, searches, and seizures involving the Chilcoats. The complaint asserted that the arrest warrants presented at those times originated from the District of Columbia, and that an electronics warrant and a firearms warrant had been issued by a Toledo, Ohio magistrate.

**{¶4}** The complaint alleged that, on August 11, 2022, Shawndale Chilcoat was arrested at her Mercer County home and "transported directly to Toledo without any booking or custodial assumption by the Mercer County Sheriff's Office", and that Donald Chilcoat was simultaneously arrested on that date at his workplace in St. Marys, Ohio, then "transported to the St. Mary's [*sic*] Police Department, and held in a room with no explanation, and then directly transported to Toledo without local booking or processing." (Complaint, p. 5).

**{¶5}** The complaint further alleged that, on October 11, 2023, a second "SWAT-style operation" occurred at the Chilcoats' Mercer County residence. (*Id.*). The complaint asserted that "[a]rmed agents directed laser-sighted weapons" into the windows of a bedroom occupied by the Chilcoats' two 16-year-old nephews, that the agents detonated "flashbang grenades" around the residence, and that Donald Chilcoat "placed a 911 call seeking emergency assistance" during that operation. (Complaint, p. 6). The complaint asserted, with regard to that October 11, 2023 incident, that "Donald Chilcoat was arrested at the residence and transported directly to Toledo without any Ohio booking, docketing, or custodial assumption by the Mercer County Sheriff's Office." (*Id.*).

**{¶6}** The complaint additionally alleged that, on October 11, 2023, Shawndale Chilcoat "arrived at the Mercer County Sheriff's Office while the SWAT operation was still underway, and Defendant Doug Timmerman stated that agents 'had a warrant' but presented no Ohio docketed authority", and that "[w]hile

-3-

Plaintiff Shawndale Chilcoat objected and sought protection, federal agents entered the Sheriff's Office and, in Defendant Timmerman's presence, placed her in handcuffs and leg shackles and transported her to Toledo." (*Id.*).

{¶7} Based on those factual allegations, the Chilcoats' complaint asserted that "[w]here enforcement actions involving entry into a home, restraint of persons, seizure of property, or occupation of a residence occur on Ohio soil without a lawful Ohio jurisdictional predicate, such actions violate the Ohio Constitution, Ohio statutes, Ohio criminal rules, and the non-discretionary protective duties imposed on Ohio sheriffs." (Complaint, p. 3). With regard to the statute relied upon, the Chilcoats asserted in the complaint that R.C. 311.07(A) "imposes an affirmative, mandatory, and non-discretionary duty upon the county sheriff to preserve the public peace and protect persons and property within the county" and that "[t]his duty is protective in nature and is triggered whenever the liberty or property interests of Ohio residents are threatened within the sheriff's jurisdiction."[1] (*Id.*).

---

[1] R.C. 311.07(A) provides, in relevant part, "Each sheriff shall preserve the public peace and cause all persons guilty of any breach of the peace, within the sheriff's knowledge or view, to enter into recognizance with sureties to keep the peace and to appear at the succeeding term of the court of common pleas, and the sheriff shall commit such persons to jail in case they refuse to do so. The sheriff shall return a transcript of all the sheriff's proceedings with the recognizance so taken to such court. The sheriff shall, except as provided in division (C) of this section, execute all warrants, writs, and other process directed to the sheriff by any proper and lawful authority of this state, and those issued by a proper and lawful authority of any other state. The sheriff shall attend upon the court of common pleas and the court of appeals during their sessions, and, when required, shall attend upon the probate court. In the execution of official duties of the sheriff, the sheriff may call to the sheriff's aid such persons or power of the county as is necessary. Under the direction and control of the board of county commissioners, such sheriff shall have charge of the court house."

{¶8} On January 27, 2026, the defendants filed a motion pursuant to Civ.R. 12(B)(6), seeking to dismiss the complaint on the basis that it failed to state a claim upon which relief can be granted.

{¶9} On February 17, 2026, the Chilcoats filed a memorandum in opposition to the defendants' motion to dismiss.

{¶10} On February 20, 2026, the trial court filed a detailed judgment entry in which the trial court granted the motion to dismiss filed by the defendants.

{¶11} On March 5, 2026, the Chilcoats filed this appeal, in which they raise four assignments of error.

### First Assignment of Error

**The trial court erred in granting Defendants' motion to dismiss by failing to accept the complaint's well-pleaded allegations as true and by dismissing the action after reframing it as an attempt to supervise federal officers rather than addressing the Ohio-law claims actually pleaded.**

### Second Assignment of Error

**The trial court erred in applying res judicata and issue preclusion where the present complaint pleaded a distinct Ohio-law theory of duty, custody, and protection, including allegations concerning a second October 11, 2023 event after prior notice.**

### Third Assignment of Error

**The trial court erred by invoking "supremacy" and Tarble's Case without identifying any specific federal authority that displaced the independent Ohio constitutional and statutory duties pleaded in the complaint.**

**Fourth Assignment of Error**

**The trial court erred in disposing of the case after its own acknowledged procedural irregularity under Local Rule 9.05 and without addressing the pleaded Ohio-law theory on the merits.**

*Analysis of Assignments of Error*

{¶12} To avoid unnecessary repetition in our analysis of the Chilcoats' claims on appeal, we opt to collectively address the four assignments of error, all of which assert, for various reasons, that trial court erred in dismissing the Chilcoats' complaint pursuant to Civ.R. 12(B)(6).

Civ.R. 12(B) provides in relevant part:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

* * *

(6) failure to state a claim upon which relief can be granted[.]

{¶13} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). For a trial court to dismiss a complaint on that basis, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, syllabus (1975).

{¶14} If there is a set of facts consistent with the plaintiff's complaint that would allow for recovery, the court must not grant the motion to dismiss. *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). In considering a Civ.R. 12(B)(6) motion to dismiss, the court's review is limited to the four corners of the complaint. *State ex rel. New Riegel Local School Dist. Bd. of Educ. v. Ohio School Facilities Comm.*, 2017-Ohio-875, ¶ 10 (3d Dist.).

{¶15} Appellate courts conduct a de novo review of trial court decisions granting a Civ.R. 12(B)(6) motion to dismiss. *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5. "On review, '[t]he allegations of the complaint must be taken as true, and those allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor.'" *Faber v. Seneca Cty. Sheriff's Dept.*, 2018-Ohio-786, ¶ 7 (3d Dist.), quoting *Ohio Bur. of Workers' Comp. v. McKinley*, 2011-Ohio-4432, ¶ 12.

{¶16} In the instant case, in the February 20, 2026 judgment from which the Chilcoats appeal, the trial court found that dismissal pursuant to Civ.R. 12(B)(6) was warranted because the Chilcoats' complaint was barred by res judicata, on the basis of both claim preclusion and issue preclusion, and also that the complaint failed to state any independent Ohio law claim.

{¶17} As to the first basis of the dismissal ordered by the trial court, the doctrine of res judicata "bars a party from relitigating the same issue or claim that has already been decided in a final, appealable order or a valid, final judgment in a

prior proceeding and could have been raised on appeal in that prior proceeding." *AJZ's Hauling, L.L.C. v. Trunorth Warranty Programs of N. Am.*, 2023-Ohio-3097, ¶ 15. Res judicata "ensures stability of judicial decisions, deters vexatious litigation, and allows courts to resolve other disputes." *Id.*

{¶18} The doctrine of res judicata includes the concepts of both claim preclusion and issue preclusion. *AJZ's Hauling*, at ¶ 16, citing *Grava v. Parkman Twp.*, 1995-Ohio-331. With regard to claim preclusion, "'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.'" *AJZ's Hauling*, at ¶ 16, quoting *Lycan v. Cleveland*, 2022-Ohio-4676, ¶ 22. Accordingly, the doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it. *Brown v. City of Dayton*, 89 Ohio St.3d 245, 248 (2000). On the other hand, issue preclusion, also known as collateral estoppel, "prevents parties from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit." *AJZ's Hauling,* at ¶ 16, citing *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994).

{¶19} In the case before us, the trial court determined that the Chilcoats' lawsuit was barred by res judicata after the court took judicial notice of the facts and parties involved in a prior legal action filed by the Chilcoats in the same court against the Mercer County Sheriff's Office, whom the trial court found to be in privity with the defendants in this case.

**{¶20}** However, the Supreme Court of Ohio has held that res judicata is not a proper basis for dismissal pursuant to Civ.R. 12(B)(6). As the Ohio Supreme Court explained in *Jefferson v. Bunting*, 2014-Ohio-3074:

> Res judicata is an affirmative defense. Civ.R. 8(C). It is not included on the list of defenses that may be raised in a Civ.R. 12(B) motion to dismiss. For this reason, we have held that res judicata is not a proper basis for dismissal under Civ.R. 12. [*State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 109 (1991).]
>
> The *Freeman* rule is consistent with the general proposition that courts cannot rely on evidence or allegations outside the complaint to decide a Civ.R. 12(B)(6) motion to dismiss. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 1997 Ohio 169, 680 N.E.2d 985 (1997). * * *
>
> When the res judicata defense depends on documents outside the pleadings, the proper procedure is for the court to convert the motion to dismiss into a motion for summary judgment and provide the opposing party with notice and an opportunity to respond. *Calin v. Nemes*, 7th Dist. Mahoning No. 11 MA 12, 2012-Ohio-1409, ¶ 14-17. * * *

*Id*., at ¶¶ 10-12. *See also Pfalzgraf v. Miley*, 2019-Ohio-4920, ¶ 14 (7th Dist.) ("Because a Civ.R. 12(B)(6) motion only tests the sufficiency of the complaint itself, by comparing the facts of the present case with the facts of the previous case, the trial court went outside the pleadings. This was in opposition to what a Civ.R. 12(B)(6) motion allows.").

**{¶21}** A limited exception to the above rule may apply when the res judicata defense does not depend on documents outside the complaint itself, such as when

the complaint acknowledges that a prior action has been filed in which the same claims were asserted. *See Jones v. Wainwright*, 2020-Ohio-4870, ¶¶ 5-6.

**{¶22}** While the Chilcoats' complaint in the instant case does state that they filed a prior action in the Mercer County Court of Common Pleas stemming from the August 11, 2022 and October 11, 2023 arrests and seizures, the complaint at issue here contains no information about the parties sued in that prior action, nor the specifics of the legal claims asserted in that prior case. Accordingly, pursuant to the legal authority set forth above, the trial court erred in this case by granting a Civ.R. 12(B)(6) dismissal on the basis of res judicata.

**{¶23}** As noted above, the trial court also based the Civ.R. 12(B)(6) dismissal in this case on a finding that the Chilcoats' complaint failed to state any independent Ohio law claim, determining that the requested relief would require the trial court to review or restrain federal action in a manner beyond the court's jurisdiction and remedial authority.

**{¶24}** However, upon this Court's independent de novo review of the issues implicated by the Civ.R. 12(B)(6) dismissal in this matter, we find that we need not engage in an analysis of the second legal basis of the trial court's dismissal, as the complaint was flawed on its face in a more fundamental manner and, for that reason, dismissal pursuant to Civ.R. 12(B)(6) was warranted.

**{¶25}** As set forth above, before a complaint can be dismissed pursuant to Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff

can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, syllabus (1975). Moreover, "[o]n review, '[t]he allegations of the complaint must be taken as true, and those allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor.'" *Faber v. Seneca Cty. Sheriff's Dept.*, 2018-Ohio-786, ¶ 7 (3d Dist.), quoting *Ohio Bur. of Workers' Comp. v. McKinley*, 2011-Ohio-4432, ¶ 12.

{¶26} However, a court need not accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Bullard v. McDonald's*, 2021-Ohio-1505, ¶ 11 (10th Dist.), citing *Morrow v. Reminger & Reminger Co. LPA*, 2009-Ohio-2665, ¶ 7 (10th Dist.). Dismissing an action for failure to state a claim upon which relief can be granted may be warranted "when a complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Scott v. City of Cleveland*, 2006-Ohio-6573, ¶ 14.

{¶27} In the instant case, the gravamen of the Chilcoats' complaint is that the two named defendants, Jeff Grey and Doug Timmerman, are civilly liable as a result of the fact that, on the two dates in question, federal agents searched the Chilcoats' residence and arrested the Chilcoats, all of which was done pursuant to various warrants issued by federal authorities. The crux of the Chilcoats' claims is that the defendants owed some legal duty to the Chilcoats to intervene in, or protect them from, the actions taken by the federal officials, whom the Chilcoats believe acted in the absence of legal authority because no Ohio criminal case existed at

either time and no Ohio judge authorized the arrests, searches, and seizures at issue. Notably, the Chilcoats do not dispute that federal warrants existed that authorized their arrests or the search of their home on both occasions but, rather, the Chilcoats apparently view those warrants as invalid because they were not obtained or executed by Ohio authorities pursuant to Ohio law.

{¶28} Upon review, even taking the factual allegations of the complaint as true, as we must, we find that the complaint completely fails, as to both defendants, to state any claim upon which relief could be granted.

{¶29} In reaching that conclusion, we note, as a preliminary matter, that there is a dearth of factual allegations in the complaint that actually relate to the two defendants. While defendant Grey is identified in the caption of the complaint as the former sheriff of Mercer County, the complaint does not allege that Grey was the Mercer County Sheriff at either of the times in question and, even assuming that he was, the factual allegations in the complaint make no mention whatsoever of Grey, much less assert that he was involved in – or had knowledge of – any of the events upon which the Chilcoats base their causes of action. With regard to defendant Timmerman, who is identified in the caption of the complaint as a Deputy Sheriff in Mercer County, the complaint's sole reference to Timmerman is the assertion that, on October 11, 2023, Shawndale Chilcoat "traveled to the Mercer County Sheriff's Office seeking protection" and that she was arrested by federal

agents in Timmerman's presence, after being told by Timmerman that the federal agents had a warrant.

{¶30} As set forth in the complaint, and upon the facts noted, the Chilcoats' claims for relief are as follows: (1) "Declaratory Relief", in support of which the complaint asserts that the "[d]efendants' arrests, restraints, removals, and detentions of Plaintiffs were void ab initio for lack of Ohio authority"; (2) "Knowing Enforcement Without Authority", in support of which the complaint asserts that "[d]efendants permitted a second enforcement with the same jurisdictional defects, constituting deliberate indifference and knowing enforcement where Ohio law provided no authority"; (3) "False Imprisonment", in support of which the complaint asserts that the Chilcoats were "intentionally restrained and deprived of liberty without lawful authority, including prolonged electronic monitoring"; (4) "Abuse of Office", in support of which the complaint asserts that "[d]efendants acted under color of Ohio office to authorize, facilitate, and carry out enforcement that Ohio law prohibited"; and (5) "Theft by Deprivation", in support of which the complaint asserts that "[d]efendants knowingly exercised control over Plaintiffs' property without lawful authority and without consent." (Complaint, pp. 8-9).

{¶31} Thus, the facts pled in the complaint with regard to the two defendants generally fail to support, directly or indirectly, the assertions upon which the various claims for relief are based, as it is clear from the complaint that the defendants were not the persons who arrested or detained the Chilcoats, allegedly deprived them of

their liberty, subjected them to electronic monitoring, or exercised control over the Chilcoats' property.

{¶32} More importantly, while the actual legal bases of the Chilcoats' theories of the defendants' civil liability are very loosely asserted in the complaint, this Court finds no support whatsoever under existing Ohio law, or under any legitimately arguable extension of Ohio law, for any of the claims raised in the complaint.

{¶33} In summary, as our de novo review of the Chilcoats' complaint, and the factual and legal assertions contained therein, reveals that there are no facts upon which they are entitled to recover as to any of their claims for relief, the complaint was appropriately dismissed pursuant to Civ.R. 12(B)(6).

{¶34} The four assignments of error are overruled.

*Conclusion*

{¶35} Having found no error prejudicial to the plaintiffs-appellants in the particulars assigned and argued, the February 20, 2026 judgment of the Mercer County Court of Common Pleas is affirmed.

***Judgment affirmed***

**ZIMMERMAN, P.J., and WILLAMOWSKI, J., concur.**

Case No. 10-26-05

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellants for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

Juergen A. Waldick, Judge

William R. Zimmerman, Judge

John R. Willamowski, Judge

DATED:
/jlm

-15-