[Cite as *Strahm v. Kagy*, 2017-Ohio-4220.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

LINDA J. STRAHM, ET AL.,

    PLAINTIFFS-APPELLANTS,

CASE NO. 1-17-08

    v.

LEE ANN KAGY, ET AL.,

    DEFENDANTS-APPELLEES.

O P I N I O N

Appeal from Allen County Common Pleas Court
Trial Court No. CV 2016 0694

Judgment Affirmed

Date of Decision:  June 12, 2017

APPEARANCES:

    *Thomas P. Kemp* and *James F. Blair* for Appellants

    *Ryan W. Goellner* for Appellees, Lee Ann Kagy and Leslie M. Barnes

    *Matthew C. Huffman* for Appellee, A to Z Control Meats, Inc.

**WILLAMOWKSI, J.**

{¶1} Although originally placed on our accelerated calendar, we have elected pursuant to Loc.R. 12(5) to issue a full opinion in lieu of a summary judgment entry. Plaintiffs-appellants Linda J. Strahm ("Strahm") and Lois J. Bender ("Bender") appeal the judgment of the Allen County Court of Common Pleas for granting the motion to dismiss of the defendants-appellees, Lee Ann Kagy ("Kagy") and Leslie M. Barnes ("Barnes"). For the reasons set forth below, the judgment of the lower court is affirmed.

*Facts and Procedural History*

{¶2} Ownership of A to Z Portion Control Meats, Inc. ("A to Z") is equally divided among four shareholders: Strahm, Bender, Kagy, and Barnes. Doc. 1, 12. Thus, each of these shareholders owns one-fourth of A to Z's stock. *Id.* The board of directors of this corporation is composed of three people who are elected to serve one-year terms. Doc. 1. The officers of A to Z are presently Kagy, who serves as president and treasurer, and Barnes, who serves as secretary. *Id.* Currently, three people—Kagy, Barnes, and Terry Strahm, who is Strahm's husband—serve on the board of directors. These board members were elected by the shareholders on January 8, 2015, to commence their one-year terms. *Id.* Bender and Strahm received their ownership interest in A to Z on May 26, 2015, and were, thus, not shareholders at the time that the current board of directors was elected. *Id.*

{¶3} On July 21, 2015, the shareholders held a special meeting during which Strahm and Bender moved to expand the positions on the board of directors from three to five. *Id.* Bender and Strahm voted in favor of this motion while Kagy and Barnes voted against this motion. *Id.* Thus, this motion failed to receive a majority vote of the shareholders and was defeated. *Id.* On January 4, 2016, the shareholders convened for their annual meeting during which elections were held for the board of directors. *Id.* At this meeting, the names of Strahm, Terry Strahm, Bender, Barnes, and Kagy were placed into nomination for positions on the board of directors. *Id.* When the time came to vote, Terry Strahm, Bender, Barnes, and Kagy each received one vote. *Id.* Kagy, as president of the company, announced that the vote was deadlocked and that the current board of directors, which had been elected the previous January, would remain in office pursuant to the company's code of regulations. *Id.*

{¶4} Since that time, the shareholders have remained deadlocked on the issue of who should be on the board of directors and have not been able to come to an agreement, leaving the board of directors elected on January 8, 2015 in their positions after their one-year term expired. *Id.* On December 15, 2016, appellants Strahm and Bender filed a verified complaint for judicial dissolution of A to Z pursuant to R.C. 1701.91. *Id.* In the complaint, appellants allege that

> **various controversies and differences have existed, and still exist, among them, which are of such a dramatic and competing nature, kind, and character, as to impede the efficient and effective**

> **business plan, management of A to Z, and the relationship between the shareholders has been irretrievably broken.**

*Id.* On December 20, 2016, the appellees submitted a Civ.R. 12(B)(6) motion to dismiss. *Id.* In this motion, appellees argued that the trial court should dismiss this action because the appellants did not represent the required level of shareholder ownership to bring an action for judicial dissolution under R.C. 1701.91 and, therefore, lacked standing to bring this claim. *Id.*

**{¶5}** On January 27, 2017, the trial court held a hearing on appellees' motion and dismissed this action. Doc. 26 at 40. On February 27, 2017, appellants filed a joint notice of appeal. In this appeal, appellants raise the following assignment of error:

> **The trial court erred in granting appellee's motion to dismiss based on a flawed interpretation of Ohio Revised Code 1701.91(A)(4).**

On the basis of their arguments, appellants request that we reverse the decision of the trial court that granted appellees' 12(B)(6) motion.

*Legal Standard*

**{¶6}** "A [Civ.R. 12(B)(6)] motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests whether the complaint is sufficient." *Pearsall v. Guernsey*, 3d Dist. Hancock No. 5-16-25, 2017-Ohio-681, ¶ 8, quoting *Bd. of Health of Defiance Cty. v. McCalla*, 3d Dist. Defiance No. 4–12–07, 2012–Ohio–4107, ¶ 33. Civ.R. 12(B)(6) reads, in relevant part, as follows:

> **Every defense, in law or fact, to a claim for relief in any pleading,
> * * * shall be asserted in the responsive pleading thereto if one is
> required, except that the following defenses may at the option of
> the pleader be made by motion: * * * (6) failure to state a claim
> upon which relief can be granted * * *.**

Civ.R. 12(B)(6). For a Civ.R. 12(B)(6) dismissal to be proper, "it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Arnett v. Precision Strip, Inc.*, 2012-Ohio-2693, 972 N.E.2d 168, ¶ 5, quoting *LeRoy v. Allen, Yurasek, & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14.

{¶7} "A complaint may be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the complaint on its face conclusively indicates that the action is time-barred." *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011–Ohio–4432, ¶ 13; *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11; *Dibert v. Watson*, 3d Dist. Logan No. 8-09-02, 2009-Ohio-2098, ¶ 10. On review, "[t]he allegations of the complaint must be taken as true, and those allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor." *McKinley* at ¶ 12. An appellate court reviews a trial court's decision to grant a Civ.R. 12(B)(6) motion de novo. *Ballreich Bros., Inc. v. Criblez*, 3d Dist. Hancock No. 5-09-36, 2010-Ohio-3263, ¶ 9.

{¶8} R.C. 1701.91(A)(4) governs the judicial dissolution process and reads, in relevant part, as follows:

**(A) A corporation may be dissolved judicially and its affairs wound up:**

**\* \* \***

**(4) By an order of the court of common pleas of the county in this state in which the corporation has its principal office,** *in an action brought by one-half of the directors when there is an even number of directors or by the holders of shares entitling them to exercise at least two-thirds of the voting power***, when it is established that the corporation has an even number of directors who are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock, or when it is established that the corporation has an uneven number of directors and that the shareholders are deadlocked in voting power and unable to agree upon or vote for the election of directors as successors to directors whose terms normally would expire upon the election of their successors.**

(Emphasis added.)  R.C. 1701.91(A)(4).[1]

*Legal Analysis*

{¶9}   In this case, the primary dispute is over whether R.C. 1701.91(A)(4) confers standing on the appellants.  Under our plain reading of this statute, it is clear that the appellants do not have standing to bring this action.  R.C. 1701.91(A)(4) first identifies the parties who are able to bring an action for judicial dissolution and then identifies the circumstances in which these specified parties have standing to bring an action for judicial dissolution.  This statute confers standing on two classes

---

[1] Prior to revision in 2012, R.C. 1701.94(A)(4) permitted judicial dissolution, subject to other specified circumstances, "in an action brought by one-half of the directors when there is an even number of directors or by the holders of shares entitling them to exercise one-half of the voting power* * *." R.C. 1701.91(A)(4). Thus, before the amendments, shareholders exercising one-half of the voting power could have standing under the right circumstances to bring a judicial dissolution action. With the 2012 amendments, however, the General Assembly raised the required level of shareholder voting power necessary to bring a judicial dissolution action from one-half to two-thirds.

of people: either one-half of the board of directors or shareholders with two-thirds of voting power can bring an action for judicial dissolution. We need not consider the circumstances under which these specified parties can bring an action for judicial dissolution because it is apparent, from the face of the complaint, that the appellants represent neither one-half of the board of directors nor two-thirds of shareholder voting power. Thus, the appellants do not have standing to bring this claim, and the question of whether the shareholders are deadlocked in a dispute over the election of a new board of directors need not be considered. For these reasons, Appellants' sole assignment of error is overruled.

*Conclusion*

{¶10} Having found no error prejudicial to the appellants in the particulars assigned and argued, the judgment of the Allen County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**PRESTON, P.J. and ZIMMERMAN, J., concur.**

**/hls**