[Cite as *Simindinger v. Meeker*, 2021-Ohio-3274.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

TIMOTHY W. SIMINDINGER,

     PLAINTIFF-APPELLANT,               CASE NO.  11-21-02

     v.

BRENT J. MEEKER,

                                   O P I N I O N

     DEFENDANT-APPELLEE.

Appeal from Paulding County Common Pleas Court
Trial Court No. CI 18 129

**Judgment Affirmed**

Date of Decision:    September 20, 2021

APPEARANCES:

    *Scott R. Gordon* for Appellant

    *Shane M. Lee* for Appellee

**ZIMMERMAN, J.**

{¶1} This appeal, having been placed on the accelerated calendar, is *sua sponte* being assigned and considered on the regular calendar pursuant to Loc.R. 12(1). Under the authority of Loc.R. 12(5), we have elected to issue a full opinion in lieu of a judgment entry.

{¶2} Plaintiff-appellant, Timothy W. Simindinger ("Simindinger"), appeals from the judgment of the Paulding County Court of Common Pleas granting Defendant-appellee, Brent J. Meeker's ("Meeker") motion for leave to file an answer instanter, denying Simindinger's second motion for default judgment, and dismissing Simindinger's complaint against Meeker. For the reasons that follow, we affirm.

{¶3} The genesis of this case stems from a June 3, 2017 assault on Simindinger by Meeker that took place at the Landing Strip Bar in the Village of Oakwood, Paulding County, Ohio. (Doc. Nos. 1, 9).

{¶4} On July 30, 2018, Simindinger filed a complaint in the Paulding County Common Pleas Court against Meeker. (*Id.*). Simindinger's complaint alleged a claim of an intentional tort for assault against Meeker. (*Id.*). Simindinger's complaint was initially sent by certified mail, which was unclaimed and returned to the Paulding County Clerk of Court ("the clerk") on August 29, 2018; however, a notation was written on the envelope referencing a post-office box ("P.O. BOX").

(Doc. No. 3).  Nonetheless, Simindinger filed a request to have the clerk serve the complaint by ordinary mail at Meeker's physical address and the same address listed on the certified mailer (i.e., 318 North First Street, Oakwood, Ohio 45873) and not the P.O. BOX.  (Doc. No. 4, 5).

{¶5} Meeker failed to file an answer and a default judgment was entered against Meeker in favor of Simindinger on January 24, 2019 in the trial court.  (Doc. Nos. 2, 3, 4, 5, 6, 7, 8).  At a subsequent damages hearing, Meeker was held liable for $4,271.20 (past economic damages) and $75,728.80 (non-economic damages) by a judgment entry file stamped on July 15, 2019.[1]  (Doc. Nos.  8, 9, 10, 11).

{¶6} On November 19, 2019, Meeker filed a motion for relief from judgment with an affidavit and a motion to stay the proceedings to enforce judgment.  (Doc. Nos. 12, 13).  The trial court granted Meeker's request to stay enforcement of the judgment on November 27, 2019.  (Doc. No. 14).  Meeker's motion alleged that he was never served, and thus, the trial court lacked personal jurisdiction over him, and that Simindinger was the aggressor in the altercation rendering Meeker's actions self-defense.  (Doc. No. 12).  Simindinger filed a memorandum in opposition to the Meeker's Civ.R. 60(B) motion on December 17, 2019.  (Doc. No. 17).

---

[1] A hearing was held on February 4, 2019 regarding damages; however, we were not provided with a transcript of this hearing.  (Doc. Nos. 7, 9).  *See* App.R. 9(B).

{¶7} On March 19, 2020, the trial court held a hearing in the matter and then took the case under advisement.[2] (Doc. No. 25). Ultimately, the trial court granted Meeker's motion for relief from judgment and vacated the default judgment. (*Id.*). Importantly, Simindinger did not appeal the trial court's determinations.

{¶8} On September 23, 2020, Simindinger filed a praecipe requesting that the complaint be served upon Meeker by personal service, and Meeker was served by the Paulding County Sheriff's Department on September 25, 2020 at 318 North First Street, Oakwood, Ohio 45873. (Doc. No. 28); (Service Return, Sept. 28, 2020). There is no indication in the record that Meeker's counsel of record had been served with a copy of the complaint notwithstanding his involvement in the litigation for the preceding 10 months. *See* Civ.R. 5(A).

{¶9} Nevertheless, and on December 7, 2020, Meeker filed a motion to dismiss under Civ.R. 12(B)(6). (Doc. No. 29). Simindinger filed a memorandum in opposition to Meeker's motion to dismiss and a second motion for default judgment on January 4, 2021. (Doc. No. 31).

{¶10} On January 22, 2021, Meeker filed a motion for leave of court to file an answer instanter with the answer and a copy of his previously filed motion to dismiss attached as exhibits as well as a memorandum in opposition to Simindinger's motion for default judgment. (Doc. Nos. 32, 33). (*See* Doc. No. 36).

---

[2] No transcript from this hearing was transmitted to us as part the record on appeal. *See* App.R. 9(B).

Ultimately, the trial court granted Meeker's motion for leave to file an answer, denied Simindinger's second motion for default judgment, and granted Meeker's motion to dismiss. (Doc. No. 37).

{¶11} Simindinger filed the instant appeal and raises three assignments of error for our review, which we will address separately. (Doc. No. 38). We begin by addressing Simindinger's first assignment of error, followed by his second assignment of error, and conclude with his third assignment of error.

## Assignment of Error No. I

**The Trial Court erred in granting Appellee's Motion for Relief from Stay on the basis that Plaintiff's Complaint had not been properly served on Appellee in September 2018.**

{¶12} In his first assignment of error, Simindinger argues that the trial court erred in granting Meeker's motion for relief from default judgment pursuant to Civ.R. 60(B) on the basis Meeker had not been properly served under Civ.R. 4.1. [3]

### *Standard of Review*

{¶13} We review a trial court's determination from a Civ.R. 60(B) motion under an abuse of discretion standard of review. *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153 (1997), citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17,

---

[3] While Simindinger argues that the "Motion for Relief from Stay" is the basis of his appeal, we note that Meeker filed a motion for relief from judgment under Civ.R. 60(B) and motion to stay [the] proceedings to enforce judgment pursuant to Civ.R. 62(A). (Doc. Nos. 12, 13). Importantly, his arguments direct us toward the trial court's determinations as to defects in service relating specifically to his motion for relief from judgment and not his motion to stay the enforcement of the judgment. (*See* Doc. No. 25). Thus, we will address his assignment of error as it pertains to his motion for relief from judgment.

20 (1988). An abuse of discretion exists where the trial court's attitude is "unreasonable, arbitrary, or unconscionable". *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

*Analysis*

**{¶14}** As a preliminary matter, we must address a jurisdictional question that was raised by Meeker. *See McCracken v. Lee*, 10th Dist. Franklin No. 19AP-553, 2020-Ohio-3125, ¶ 9. Notably, Simindinger failed to challenge the trial court's judgment entry granting Meeker's Civ.R. 60(B) motion vacating the default judgment, which was file stamped April 3, 2020. Because the trial court adjudicated both liability and damages when it granted default judgment, the trial court's determinations in granting Meeker's Civ.R. 60(B) motion constituted a final appealable order within the meaning of R.C. 2505.02. *See G & E HC Reit II Parkway Medical Center, L.L.C. v. Drs. Ford & Soud, Inc.*, 8th Dist. Cuyahoga No. 107172, 2019-Ohio-791, ¶ 16, citing *Bussa v. Hadsel Chem. Processing, L.L.C.*, 4th Dist. Pike No. 16CA865, 2016-Ohio-5718, ¶ 10, and *Schelich v. Theatre Effects*, 111 Ohio App.3d 271, 272 (3d Dist.1996), citing *Wolford v. Newark City School Bd. of Edn.*, 73 Ohio App.3d 218, (5th Dist.1991). Significantly, Simindinger failed to file a notice of appeal seeking our review of the trial court's determinations on or before May 3, 2020, and thus, the trial court's determinations subsequently became the law of the case. *See* App.R. 4(A)(1). *See also Nolan v. Nolan*, 11 Ohio St.3d 1,

3 (1984), citing *Gohman v. St. Bernard*, 111 Ohio St. 726, 730 (1924), *overruled in part on other grounds*, *New York Life Ins. Co. v. Hosbrook*, 130 Ohio St. 101 (1935), paragraph two of the syllabus, and *Gottfried v. Yocum*, 72 Ohio Laws Abs. 343, 133 N.E.2d 389, 391 (3d Dist.1953). Consequently, Simindinger's first assignment of error is not properly before this court as we lack jurisdiction to consider the same.

{¶15} Simindinger's first assignment of error is therefore overruled.

## Assignment of Error No. II

**The Trial Court erred as a matter of law in granting Appellee's Motion to [sic] for Leave to Court to file [sic] Answer on the basis of "excusable neglect."**

{¶16} In his second assignment of error, Simindinger argues that the trial court erred as a matter of law by granting Meeker's motion for leave to file an answer after granting him relief from default judgment. Specifically, he argues that Meeker's counsel of record was aware that his client had been served with the complaint, and that the trial court permitted Meeker to file an out-of-rule answer based on inexcusable neglect.

*Standard of Review*

{¶17} The review of a trial court's determination of motions for leave to file an answer instanter pursuant to Civ.R. 6(B)(2) is addressed to the sound discretion of the trial court and will not be disturbed on appeal "absent a showing of an abuse of discretion." *Marion Prod. Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 271

(1988). *See also Lester v. Chivington*, 3d Dist. Marion No. 9-15-21, 2015-Ohio-5446, ¶ 17. An abuse of discretion implies the court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219. When applying the abuse of discretion standard of review, an appellate court is precluded from simply substituting its own judgment for that of the trial court. *Lester* at ¶ 17, citing *Pons v. Ohio St. Med. Bd.*, 66 Ohio St.3d 619, 624 (1993).

*Analysis*

{¶18} Civil Rule 12(A)(1) requires that a defendant serve his or her answer to a complaint within 28 days of service of the summons and complaint. When a defendant fails to timely plead in response to an affirmative pleading, a default judgment can be entered against a defendant. *See* Civ.R. 55. Hence,

> [o]nly when the defendant "fails to contest the opposing party's allegations" by either pleading or otherwise defending does a default arise. *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn* (1986), 28 Ohio St.3d 118, 121 []. Generally, default judgments are disfavored. *Suki*[ *v. Blume*, 9 Ohio App.3d 289,] 290[][(1983)]. Granting a default judgment, analogous to granting a dismissal, is a harsh remedy that should be imposed only when the actions of the defaulting party create a presumption of willfulness or bad faith. *Haddad v. English* (2001), 145 Ohio App.3d 598, 603[]. Instead, when possible, cases should be decided on their merits rather than on procedural grounds. *Fowler v. Coleman* (Dec. 28, 1999), 10th Dist. [Franklin ]No. 99AP319[, 1999 WL 1262052, *3].

*Hillman v. Edwards*, 10th Dist. Franklin No. 08AP-1063, 2009-Ohio-5087, ¶ 6. To mitigate the harshness of default judgments, Civ.R. 6(B)(2) allows a trial court "in its discretion" to grant leave to extend this period to file an answer where a

-8-

defendant files a motion beyond the 28-day time frame pursuant to rule and to demonstrate that the failure to timely plead "was the result of excusable neglect[.]"

{¶19} "In determining whether neglect is excusable or inexcusable, this Court must take into consideration the surrounding facts and circumstances, and must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds." *Univ. of Akron v. Mangan*, 9th Dist. Summit No. 24167, 2008-Ohio-4844, ¶ 10, citing *Marion*, 40 Ohio St.3d at 271. When considering these facts and circumstances and acknowledging the preference for deciding cases on the merits, rather than procedural grounds, we are cognizant that "the test for excusable neglect under Civ.R. 6(B)(2) is *less stringent* than that applied under Civ.R. 60(B)." (Emphasis added.) *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 466 (1995).

{¶20} The term "excusable neglect" is a nebulous concept that trial courts find challenging to define and to apply. *Lester*, 2015-Ohio-5446, at ¶ 19, citing *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996). In *Lester*, we analyzed cases discussing "excusable neglect" gleaning some general principles. *Id.*, citing *id.*

> Examples of instances where a court might find excusable neglect include the following: the party had neither knowledge nor notice of the pending legal action; counsel of record suffers from personal or family illness; and counsel of record fails to appear for trial because he has not received notice of a rescheduled trial date. *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 13 (1978); *The Bluffs of Wildwood Homeowners' Assn., Inc. v. Dinkel*, 96 Ohio App.3d 278, 281 (1994); *Columbia Gas of Ohio v. Riley*, 38 Ohio App.3d 151 (1987),

> paragraph two of the syllabus. A majority of the cases finding excusable neglect also have found unusual or special circumstances that justified the neglect of the party or attorney. *Kay*, *supra*.

*Id*. Contrast with neglect that is inexcusable under Civ.R. 6(B), such as a party's "'complete disregard for the judicial system.'" *Reimund v. Reimund*, 3d Dist. Hancock No. 5-04-52, 2005-Ohio-2775, ¶ 16, quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 153 (1976). Similarly, conduct falling "'substantially below what is reasonable under the circumstances'" can also constitute inexcusable neglect. *Id.*, quoting *GTE Automatic Elec., Inc.* at 152. Moreover, neglect will be inexcusable, if the party could have prevented the circumstances from occurring. *Id.*, citing *McKinley v. Rhee*, 3d Dist. Allen No. 1-01-168, 2002-Ohio-1768, *1 (Apr. 1, 2002).

{¶21} Here, Simindinger argues that the Meeker's counsel's failure to file a timely responsive pleading (i.e., an answer) constitutes *inexcusable* neglect. We disagree.

{¶22} At the point when Meeker obtained relief from the default judgment on the basis that the trial court lacked personal jurisdiction over him, Meeker had no duty to answer an unserved complaint absent a waiver. *See* Civ.R. 4.1; 4.2. Furthermore, Meeker's counsel was never served with the summons and complaint; despite his appearance as counsel of record throughout the pendency of the case. *See* Civ.R. 5. Meeker's counsel (unaware that Meeker had been personally served

with the complaint on September 25, 2020) filed a motion to dismiss on December 7, 2020. (Doc. No. 29). The trial court noted in its judgment entry granting leave to file the answer that "[w]hile the [trial] court and counsel probably should have been discussing proper service of the Complaint on [Meeker], we were not." (Doc. No. 37). However, on January 22, 2020 and after having reviewed Simindinger's filings indicating that service had been perfected on Meeker, Meeker's counsel immediately filed a motion for leave of court to file an answer instanter with attached exhibits noting that the certificate of service for Simindinger's previous filing was sent to an incorrect email address.[4] (Doc. Nos. 31, 32). Thus, the trial court determined that Meeker's failure to file an answer was "excusable neglect" under Civ.R. 6(B)(2) and granted Meeker leave to file his answer. (Doc. No. 37).

{¶23} Considering the specific facts and circumstances of the case before us, we do not conclude that the trial court's determination that Meeker was permitted to file an out-of-rule answer based on "excusable neglect" is arbitrary, unreasonable, or unconscionable, and thus constitutes an abuse of discretion.

{¶24} Accordingly, Simindinger's second assignment of error is without merit and is overruled.

**Assignment of Error No. III**

**The Trial Court erred as a matter of law in granting Appellee's Motion to Dismiss, on the basis of a Statute of Limitations defense,**

---

[4] Meeker's counsel's email address is attyshanelee@ymail.com. The filings were sent to attyshanelee@gmail.com.

**which was waived by Appellee when it was not properly or timely asserted.**

{¶25} In his third assignment of error, Simindinger asserts that the trial court erred as a matter of law in granting Meeker's motion to dismiss. Specifically, Simindinger argues that because Meeker failed to assert a statute-of-limitations defense to Simindinger's claims in a timely manner and failed to request leave of court prior to filing his motion to dismiss, he waived this defense.

*Standard of Review*

{¶26} A motion to dismiss for failure to state a claim on which relief can be granted tests the sufficiency of the complaint. *Volbers–Klarich v. Middletown Mgt.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11 (2010), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *Id.* at ¶ 12; *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14, citing *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 418 (1995). A court may dismiss a claim under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the face of the complaint conclusively shows that the claim is time barred. *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 13, citing *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, ¶ 11; *Strahm v.*

*Kagy*, 3d Dist. Allen No. 1-17-08, 2017-Ohio-4220, ¶ 7, citing *McKinley* at ¶ 13, *Doe* at ¶ 11, and *Dibert v. Watson*, 3d Dist. Logan No. 8-09-02, 2009-Ohio-2098, ¶ 10.  Appellate court review of a trial court's decision to dismiss a claim pursuant to Civ.R. 12(B)(6) is de novo.  *Volbers–Klarich* at ¶ 12.

*Analysis*

{¶27} Simindinger asserts that Meeker initially appeared in the case on November 19, 2019, but failed to assert his statute-of-limitations defense until December 7, 2020, which he argues is untimely.  Important to this discussion, following the trial court's vacation of its default judgment, the trial court was left with a civil action that had not yet commenced.  *See* Civ.R. 3(A).  And, because no civil action had commenced in this case, there was no obligation upon Meeker under the Civil Rules to move or otherwise plead during that time frame, and his failure to do so did not result in a waiver of his right to raise any affirmative defenses.  *See Maryhew v. Yova*, 11 Ohio St.3d 154, 157 (1984).  "Inaction upon the part of a defendant who is not served with process, even though he might be aware of the filing of the action, does not dispense with the necessity of service."  *Id.* quoting *Haley v. Hanna*, 93 Ohio St. 49, 52 (1915).  The Civil Rules do not modify this common law of Ohio.  *Id.*

{¶28} Moreover, and because Simindinger raises the issue of waiver on appeal, we note that the Supreme Court has held that a defendant waives a statute-

-13-

of-limitations defense if it is not initially raised: (1) in a prepleading motion to dismiss; (2) in an answer; or (3) in an amended answer. *Mills v. Whitehouse*, 40 Ohio St.2d 55, 59 (1974). Specifically, Civ.R. 8(C) provides "[i]n *pleading to a preceding pleading*" (otherwise known as a responsive pleading) that "a party shall set forth affirmatively * * * statute of limitations * * * and any other matter constituting an avoidance or affirmative defense."

{¶29} Civ.R. 12(B) mandates that "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading". Exceptions to this rule are set forth in Civ.R. 12(B)(1)-(7). Meeker asserted his affirmative defense under Civ.R. 12(B)(6). Significantly, "[a] motion making any of these defenses shall be made *before pleading* if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." (Emphasis added.) Civ.R. 12(B). Although failure to adhere to the requirements of Civ.R. 8 and 12 can expose a party to waiver of an affirmative defense "[i]n the real world[,] * * * failure to plead an affirmative defense will rarely result in [waiver]" because of the protection of Civ.R. 15(A). *Hoover v. Sumlin*, 12 Ohio St.3d 1, 5 (1984), *modified on other grounds*, *Jim's Steak House, Inc. v. City of Cleveland*, 81 Ohio St.3d 18 (1998), quoting *Bobbitt v. Victorian House*, Inc., 532 F.Supp. 734, 736 (N.D.Ill.1982). Civ.R. 15(A)'s liberal amendment policy

allows for the amendment of pleadings by leave of court or by written consent of the other party after a responsive pleading has been made and expressly providing that leave "shall be freely given when justice so requires."

**{¶30}** As we emphasized in Simindinger's second assignment of error, the parties and trial court never discussed the insufficiency of service upon Meeker after the default judgment was vacated on March 19, 2020. (Doc. No. 37). Importantly, the trial court continued to assign pre-trial conference dates and dates by which discovery-related matters were to be concluded. (Assignment Notice, May 21, 2020); (Doc. Nos. 26, 27). Moreover, Simindinger failed to file a praecipe to have Meeker re-served with the original complaint until September 22, 2020. (Doc. No. 28). Thus, our determinations in Simindinger's second assignment of error lead us to the conclusion that less than four months had passed from the time that service was made upon Meeker. Further, Meeker's counsel was not aware of such service until January 4, 2021, after which he filed his motion for leave to file an answer on January 22, 2021. (Doc. No. 32). Hence, we will not say that Meeker's motion was asserted untimely and waived given the procedural posture of this case. Accordingly, Simindinger's argument lacks merit.

**{¶31}** Next, we turn to Simindinger's argument that Meeker's counsel was required to seek leave of court prior to seeking dismissal under Civ.R. 12(B)(6). "Initially, this court notes that at least one Ohio Supreme Court case has held that a

motion to dismiss pursuant to Civ.R. 12(B)(6) [unlike a motion for summary judgment] does not require leave of court [after a pretrial has been conducted]." *Apseloff v. Brookside Golf & Country Club Co.*, 10th Dist. Franklin No. 97APE07-925, 1997 WL 798322, *4, citing *State ex rel. Lantz v. Indus. Comm.*, 66 Ohio St.3d 29, 31 (1993).

{¶32} Because the motion to dismiss was a *prepleading filing* and since we concluded the trial court's determination as to Simindinger's second assignment of error was not an abuse of discretion, we do not conclude that the trial court erred as a matter of law by not requiring Meeker to request leave of court to seek dismissal of Simindinger's claims.

{¶33} Accordingly, and based on our review of the record, Meeker properly asserted the statute-of-limitations defense in both a prepleading motion and an out-of-rule answer based on "excusable neglect". Specifically, Simindinger's complaint alleged assault, which has a one-year statute of limitations evident on the face of the complaint. (*See* Doc. No. 1); R.C. 2305.111(B). Because Simindinger's complaint was filed more than one-year after the purported assault, we will not conclude that the trial court erred as a matter of law in determining that Simindinger's complaint failed to state a claim upon which relief could be granted since the statute of limitations operated as a time bar of Simindinger's claims.

{¶34} Accordingly, Simindinger's third assignment of error is overruled.

{¶35} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/jlr**