[Cite as *Lima Mem. Hosp. v. Watamura*, 2022-Ohio-417.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### ALLEN COUNTY

LIMA MEMORIAL HOSPITAL,

    PLAINTIFF-APPELLEE,                   CASE NO.  1-21-24

    v.

SCOTT WATAMURA, M.D.,                O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CV-2019-0423

**Judgment Affirmed**

Date of Decision:   February 14, 2022

APPEARANCES:

    *Edward L. Littlejohn, Jr.* for Appellant

    *Gerardo R. Rollison* for Appellee

Case No. 1-21-24

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Dr. Scott Watamura ("Watamura"), appeals the June 15, 2021 judgment of the Allen County Court of Common Pleas granting the plaintiff-appellee's, Lima Memorial Hospital ("LMH"), cognovit judgment against him. For the reasons that follow, we affirm.

{¶2} Watamura, an anesthesiologist, was recruited by LMH, a nonprofit corporation, and Lima Memorial Professional Corporation ("LMPC") to practice medicine at its hospital in Lima, Allen County, Ohio. Watamura commenced his employment with LMH on July 16, 2018. However, prior to and in anticipation of commencing his employment, Watamura entered into an Employment Agreement ("EA") with LMPC and a Physician Recruitment Agreement ("PRA") with the LMH and LMPC on March 26, 2018. (Doc. No. 53). As part of the PRA, Watamura received $125,000 in student loan assistance together with a $40,000 sign-on bonus in addition to his annual salary. However, Watamura's student loan assistance and bonus was subject to repayment should his employment be terminated within five years of his agreement with LMH. (*Id.*). Further, Watamura executed a Cognovit Promissory Note ("CPN") with LMH to secure his repayment should his employment be terminated. (*Id.*).

{¶3} On February 11, 2019, LMH informed Watamura (pursuant to the EA) that his employment was being terminated effective June 11, 2019. (*Id.*). (*See*

-2-

*also* Doc. No. 56, Def. Ex. 2). Watamura was further provided the repayment amount he owed to LMH pursuant to an amortization schedule with payments commencing July 2019. (*See* Doc. No. 53, Ex. D). Watamura failed to make any payments to LMH under the terms of the PRA. (*Id.*).

{¶4} On October 16, 2019, LMH filed a complaint in the trial court alleging that Watamura defaulted under the terms of the PRA triggering the cognovit-note action. (Doc. No. 1). On that same day, an attorney, Mark A. Ozimek, (appearing on Watamura's behalf pursuant to a warrant of attorney) filed an answer confessing judgment to the cognovit complaint. (Doc. No. 2). The trial court granted judgment against Watamura based upon the confession of judgment by warrant of attorney. (Doc. No. 3). Notice of the judgment was forwarded to Watamura. (*Id.*). However, service of the cognovit judgment was never perfected upon Watamura. (Doc. Nos. 4, 6); (Notice of Failure of Service dated Oct. 30, 2019). Nevertheless, LMH initiated efforts to collect the judgment from Watamura, and eventually garnished Watamura's wages through his employment at Northstar Anesthesia of Ohio, LLC. (Doc. Nos. 18, 19, 20, 32).

{¶5} Ultimately, on December 3, 2020, Watamura, filed a Civ.R. 60(B) motion in the trial court requesting that the cognovit judgment against him be vacated. (Doc. Nos. 30, 31). In that motion, Watamura argued that the CPN was facially insufficient to support a confession of judgment because the total amount

due to LMH could not be calculated without reference to extrinsic documents. (Doc. No. 31). Moreover, he argued that the trial court's cognovit judgment was void ab initio. (*Id.*).

{¶6} On March 22, 2021, *without a hearing*, the trial court granted Watamura's Civ.R. 60(B) motion determining that such was made within a reasonable time and on the basis that the PRA was not attached to the CPN, which invalidated the cognovit judgment because the material terms in the CPN could not be ascertained without reference to the PRA.[1] (Doc. No. 45).

{¶7} After the trial court granted the 60(B) motion, LMH requested leave of court to file an amended complaint under Civ.R. 15(A) against Watamura. (Doc. No. 47). On May 7, 2021, Watamura filed a memorandum in opposition and a motion for judgment on the pleadings under Civ.R. 12(C), which LMH opposed. (Doc. Nos. 48, 49). However, on May 20, 2021, the trial court granted LMH's motion for leave to file an amended complaint and denied Watamura's motion for judgment on the pleadings on the basis that the pleadings were not closed because an amended complaint was forthcoming. (Doc. No. 52).

{¶8} On June 11, 2021, LMH filed its amended complaint in the cognovit-note action against Watamura. (Doc. No. 53). On that same day, Attorney Robert C. Tucker, through a warrant of attorney, (appearing on Watamura's behalf)

---

[1] The trial court detailed the failure of service of the cognovit judgment entry its judgment entry addressing Civ.R. 60(B). (Doc. No. 45).

confessed judgment in the cognovit answer to LMH's amended complaint. (Doc. No. 54).

{¶9} On June 15, 2021, the trial court granted judgment against Watamura "in the amount of $195,749.56, together with interest on the unpaid principal balance of $195,749.56 at 6.00%. (Doc. No. 55). Notice of that judgment was sent to the attorney who confessed judgment (Tucker) and to Watamura's counsel who filed the 60(B) request. (Certified Docket and Journal Entries filed July 8, 2021). *See* R.C. 2323.13(C). The trial court's judgment entry contained a Civ.R. 54(B) determination "that no just reason for delay". (Doc. No. 55).

{¶10} On June 28, 2021, Watamura filed the instant appeal and raises three assignments of error for our review, which we will address separately. (Doc. No. 58).

### Assignment of Error No. I

**The Trial Court Erred By Allowing Appellee To File A First Amended Complaint Containing A Count For "Breach Of Cognovit Promissory Note."**

{¶11} In his first assignment of error, Watamura argues that the trial court erred by permitting LMH to file an amended complaint that included a claim for "Breach of Cognovit Promissory Note".

Case No. 1-21-24

*Standard of Review*

**{¶12}** A trial court employs an abuse-of-discretion standard in determining whether to grant a motion for leave to amend a pleading. *Hoover v. Sumlin*, 12 Ohio St.3d 1, 4 (1984), *modified on other grounds*, *Jim's Steak House, Inc. v. City of Cleveland*, 81 Ohio St.3d 18, *20, 1998-Ohio-440. The term 'abuse of discretion' "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

*Analysis*

**{¶13}** In his first assignment of error Watamura raises two arguments. First, he argues that LMH engaged in "undue delay" as to the filing of the motion for leave to amend its complaint. Second, Watamura asserts that he has been unduly prejudiced by the trial court's granting leave to amend the complaint because there is the possibility that he may have to expend additional resources relitigating the issues presently before the trial court.

*Undue Delay*

**{¶14}** Significantly, Watamura obtained relief from judgment under Civ.R. 60(B) on March 22, 2021, followed by the LMH's request for leave to file an amended complaint on April 26, 2021. Importantly, at the initial case conference, held on May 18, 2021 in the trial court, no trial dates or deadlines were established. On May 20, 2021, the trial court granted LMH leave to amend its complaint, which

was then filed on June 11, 2021. Thus, according to our review of the record, the time frame for our consideration of appellant's "undue delay" argument is two months and 20 days.

{¶15} In addressing the "undue delay" argument, we find the cases cited by Watamura to be distinguishable from the matter before us. Specifically, such cases do not involve cognovit judgments, involve significantly longer periods of time, and involve the exercise of extensive discovery and motions between the parties. None of those facts are present here.

{¶16} Conversely, here we are faced with a fact pattern that involves a cognovit note confession of judgment wherein the holder of the note (LMH) obtained judgment without trial and within a very short time frame after the complaint was filed without any discovery efforts or a motion for summary judgment. As such, we conclude that the cases cited by Watamura are clearly distinguishable.

{¶17} Moreover, we disagree with Watamura's argument that the "undue delay" lookback period should date back to the filing of the original complaint and that an 18-month time frame has passed. In our review, the trial court's granting of Watamura's Civ.R. 60(B) motion reset the clock as to the commencement of the action and merely two months and 20 days had passed at the point in time that LMH requested the trial court grant it leave to amend its complaint. *See Simindinger v.*

*Meeker*, 3d Dist. Paulding No. 11-21-02, 2021-Ohio-3274, ¶ 30. Accordingly, Watamura's "undue delay" argument is without merit. *See id.*

*Undue Prejudice*

{¶18} Next, we turn to Watamura's argument that the trial court's granting of leave to amend the complaint caused him undue prejudice as a result of the need to expend additional time and resources *relitigating* issues. As we emphasized in our discussion of "undue delay", the instant case only involves a confession of judgment by warrant of attorney. The record does not support that Watamura engaged in any litigation relative to the cognovit note. On the contrary, Watamura exercised his right to seek redress postjudgment by filing a successful Civ.R. 60(B) motion that put him in the identical position that he was in before the first cognovit judgment was granted. Thus, this portion of his argument also fails.

{¶19} After our review of the record, we conclude that the trial court did not abuse its discretion by granting LMH's motion for leave to amend its complaint and that such did not result in "undue delay". Further, we conclude that the trial court's decision to grant LMH leave to amend its complaint did not result in undue prejudice to Watamura under the facts presented.

{¶20} Accordingly, Watamura's first assignment of error is overruled.

**Assignment of Error No. II**

**The Trial Court Erred In Entering Cognovit Judgment In Favor Of Appellee And Against Appellant Because The Underlying**

**Cognovit Note Is Facially Insufficient To Support The Cognovit Judgment.**

{¶21} In his second assignment of error, Watamura asserts that the CPN is facially insufficient to support the cognovit judgment because the CPN required the trial court to refer to extrinsic documents to render judgment in the instant matter.

*Cognovit Judgments*

{¶22} "'The cognovit is the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder.'" *1st Natl. Fin. Serv. v. Ashley*, 10th Dist. Franklin No. 18AP-803, 2019-Ohio-5321, ¶ 11, quoting *D.H. Overmyer Co., Inc. of Ohio v. Frick Co.*, 405 U.S. 174, 176, 92 S.Ct. 775 (1972). "'[T]he cognovit has long been recognized [in Ohio] by both statute and court decision.'" *Id.* quoting *Id.* at 178. Cognovit judgments by warrant of attorney under R.C. 2323.13 are not, per se, in violation of Fourteenth Amendment due process. *D.H. Overmyer Co.* at 187, 92 S.Ct. at 775. Nonetheless, since cognovit judgments deprive a debtor of notice and an opportunity to be heard prior to their entry, cognovits are generally disfavored in the law. *Fifth Third Bank v. Woeste Bros. Properties, Ltd.*, 12th Dist. No. CA2010-06-145, 2010-Ohio-5807, ¶ 10. Cognovit judgments are, consequently, strictly construed against the person for whom judgment was granted, and court proceedings must conform in every essential detail with the statutory law governing

the subject. *Bank One, N.A. v. DeVillers*, 10th Dist. Franklin No. 01AP-1258, 2002-Ohio-5079, ¶ 37, citing *Lathrem v. Foreman*, 168 Ohio St. 186, 188 (1958).

**{¶23}** The trial court's jurisdiction over cognovits is governed by R.C. 2323.12 and R.C. 2323.13. *Henry Cty. Bank v. Stimmels, Inc.,* 3d Dist. Henry No. 2013-Ohio-1607, ¶ 9, citing *Klosterman v. Turnkey-Ohio, L.L.C.*, 10th Dist. Franklin No. 08AP-774, 2009-Ohio-2508, ¶ 19. The statutory scheme sets forth two separate remedies for creditors to obtain judgment while avoiding a trial on the merits. *Id.* at ¶ 10 (explaining the differences between the two types of judgments by confession under R.C. 2323.12 and R.C. 2323.13).

**{¶24}** Because the instant case involves a CPN and an attorney who confessed judgment (on Watamura's behalf) pursuant to a warrant of attorney, R.C. 2323.13 is the relevant statute at issue. Importantly, Watamura does not challenge the cognovit judgment as to procedural errors (other than those asserted in his first assignment of error). However, Watamura contests the trial court's compliance with the statutory provisions by challenging the validity of the CPN (itself). Specifically, Watamura contends that the CPN is flawed because the trial court needed to look outside of the four corners of the note (by reference to other instruments and documents including the Midwest Edition of the Wall Street Journal, LMH'S letter of termination, and the amortization schedule) in order to determine the terms under the CPN. Fundamentally, Watamura argues that the trial court erred by denying his

Civ.R. 12(C) motion for judgment on the pleadings by failing to construe the complaint as facially defective under R.C. 2323.13(A).

*Standard of Review*

{¶25} A trial court uses the same standard of review as a Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted in its review of a Civ.R. 12(C) motion for judgment on the pleadings. *Kaiser v. Helbig*, 3d Dist. Union No. 14-20-14, 2021-Ohio-887, ¶ 7. We (as the reviewing court) are required to make all reasonable inferences in favor of the nonmoving party and must presume that all factual allegations of the complaint are true. *Id.*

{¶26} "'In ruling on the motion, a [trial] court is permitted to consider both the complaint and the answer as well as any material incorporated by reference or attached as exhibits to those pleadings.'" *Oliver v. City of Marysville*, 3d Dist. No. 14-18-01, 2018-Ohio-1986, ¶ 19, quoting *Walker v. City of Toledo*, 6th Dist. Lucas No. L-15-1240, 2017-Ohio-416, ¶ 19. *See also* Civ.R. 10(C) (stating that "[a] copy of any written instrument attached to a pleading is a part of the pleading for all purposes."). Not every "document attached to a pleading constitutes a Civ.R. 10(C) written instrument," however; the "'term "written instrument" in Civ.R. 10(C) has primarily been interpreted to include documents that evidence the parties' rights and obligations,'" such as negotiable instruments, leases, insurance policies, deeds and contracts. *State ex rel. Leneghan v. Husted*, 154 Ohio St.3d 60, 2018-Ohio-3361, ¶

-11-

17, quoting *Inskeep v. Burton*, 2d Dist. Champaign No. 2007 CA 11, 2008-Ohio-1982, ¶ 17. A trial court must find that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to the relief sought before granting the motion for judgment on the pleadings. *Oliver* at ¶ 19, citing *Walker* at ¶ 19, citing *Frazier* at ¶ 14. "'Because a Civ.R. 12(C) motion tests the legal basis for the claims asserted in a complaint, our standard of review is de novo.'" *Oliver* at ¶ 20, quoting *Walker* at ¶ 20.

*Analysis*

**{¶27}** Watamura has three separate arguments related to his facial-insufficiency assertion.

**{¶28}** First, he contends that the CPN is facially insufficient to support a cognovit judgment because it requires the trial court to reference extrinsic instruments and documents in order to determine the amount owed by Watamura. The cognovit note in question provides, in its pertinent parts, as follows:

> **1. INTEREST**. Interest shall begin to accrue on the Principal Balance beginning on the date the Sign-On Bonus and Student Loan Assistance are paid to Physician at a rate of one percent (1%) over the prime rate as stated in the Midwest Edition of the <u>Wall Street Journal</u> on the date the Student Loan Assistance and Sign-On Bonus are paid to Physician (the "Interest Rate").

(Doc. No. 53, Ex. C). According to Watamura, the interest rate in the cognovit note was not specific, and the trial court needed to refer to at least two documents to determine it (i.e., documents to prove dates when the bonus and loans were paid and

the Midwest Edition of the Wall Street Journal). Put more plainly, Watamura argues the amount due on the CPN is not evident on its face.

**{¶29}** In support of his argument, Watamura cites *Onda, LaBuhn, Rankin, & Boggs Co., L.P.A. v. Johnson*, 4th Dist. Pickaway No. 08CA16, 2009-Ohio-4726. In *Onda*, a debtor signed a cognovit note to secure his payment for legal services rendered. The debtor promised to pay "all amount(s) advanced by [the law firm] to [the debtor] for the purpose of securing legal fees, as evidenced by the books and records of [the law firm] and [the debtor]." (Emphasis deleted.) *Id.* at ¶ 9. The law firm later obtained a cognovit judgment against the debtor. However, the Fourth Appellate District reversed the trial court. The appellate court noted that since the note required the trial court to review extrinsic documents to calculate the amount owed, the cognovit note was "facially insufficient to support a cognovit judgment." *Id.* at ¶ 11-12, citing *Gunton Corp. v. Banks*, 10th Dist. No. 01AP–988, 2002-Ohio-2873, ¶ 34 (determining "where the notes are facially insufficient to support the confession of judgment, without additional facts being adduced, the cognovit judgment is void"). Thereafter, the judgment was held void and vacated.[2]

**{¶30}** In our analysis, we turn to the statute at issue, R.C. 2323.13.

R.C. 2323.13(A) states

[a]n attorney who confesses judgment in a case, at the time of making such confession, *must produce the warrant of attorney* for making it

---

[2] Only the authoring judge subscribed to the opinion. *Onda, LaBuhn, Rankin, & Boggs Co., L.P.A.*, at ¶ 16. The remaining two judges concurred in judgment only. *Id.* at ¶ 17-24.

> to the court before which he makes the confession. * * * judgment may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney. *The original or a copy of the warrant shall be filed with the clerk.*

(Emphasis added.) Here, there is no dispute that LMH filed the original warrant of attorney as an attachment to its original complaint and to the amended complaint. (Doc. Nos. 1, 53). Since R.C. 2323.13 is the applicable statute in this matter, and because LMH filed a copy of the warrant of the attorney attached to the amended complaint, we conclude that the requirements of R.C. 2323.13 were met by LMH. (Emphasis added.) *See Merchants Bank & Trust Co. v. Five Start Fin. Corp.*, 1st Dist. Hamilton No. C-100037, 2011-Ohio-2476, ¶ 11. Indeed, LMH's amended complaint included the PRA, the EA, the CPN, and an affidavit of Meredith Foster (regarding the interest accrual calculation and repayment schedule), which represented extrinsic instruments and documents sufficient to support the trial court's determination in its second cognovit judgment. Thus, the trial court had the extrinsic instruments and documents necessary to determine the material terms of the CPN when it issued its cognovit judgment.

{¶31} Next, we will address Watamura's second and third portions together because both involve paragraph two of the CPN. Specifically, Watamura argues that paragraph two is facially invalid because the date of termination of his employment is not contained therein and requires the trial court to reference another extrinsic document. In the third portion of his facial insufficiency argument,

-14-

Watamura argues that it is impossible to calculate the "accrued interest" by viewing the CPN and Midwest Edition of the Wall Street Journal because the trial court would still need the "amortization schedule provided by the Holder" (yet another extrinsic document) in order to determine the "accrued interest" and the first payment due date "on the thirtieth (30th) day following the termination of Physician's employment with Lima Memorial Professional Corporation".

{¶32} Paragraph two of the CPN provides as follows:

2. **PAYMENTS**. The Principal Balance and accrued interest are subject to forgiveness as set forth in the Recruitment Agreement. In the event of a repayment obligation as provided in the Recruitment Agreement, the principal sum and all accrued interest shall be due and payable in twelve (12) equal monthly installments in accordance with the amortization schedule provided by the Holder. The first payment is due on the thirtieth (30th) day following the termination of Physician's employment with Lima Memorial Professional Corporation for any reason and each subsequent payment shall be due on the same day of each subsequent month thereafter. With regard to the application of payments, monthly payment shall be applied first to any outstanding Late Charge (as defined in Paragraph 3), and then to all outstanding accrued interest and then to the outstanding principal.

As we have determined that the trial court was able to reference extrinsic instruments and documents when reviewing the validity of the CPN and because the record contains the date that Watamura was terminated and an amortization schedule, we find no merit to the second and third portions of Watamura's arguments under this assignment of error because the trial court had the necessary

instruments and documents it would need in order to determine the "accrued interest". (*See* Doc. No. 36); (Doc. No. 53, Ex. D); (Appellant's Brief at 11).

**{¶33}** Since we have concluded that LMH complied with the statutory scheme by submitting a *facially valid* CPN together with the extrinsic instruments and documents necessary for the trial court to interpret the material terms of the cognovit note and because the trial court determined that the pleadings were not yet closed at the time Dr. Watamura sought judgment on the pleadings under Civ.R. 12(C), we conclude that the trial court did not err by denying Dr. Watamura's motion for judgment on the pleadings.

**{¶34}** Accordingly, Watamura's second assignment of error is overruled.

### Assignment of Error No. III

**The Trial Court Erred By Failing To Include A Time Period For Interest To Be Calculated In The Cognovit Judgment.**

**{¶35}** In his third assignment of error, Watamura argues that the cognovit judgment is deficient because the trial court did not provide a time frame for interest calculation. Specifically, Watamura asserts that the judgment entry was missing the term "per annum".

*Standard of Review*

**{¶36}** The application of a civil rule is a question of law, which we review de novo. *See Larson v. Larson*, 3d Dist. No. 13-11-25, 2011-Ohio-6013, ¶ 8, citing *Wedermeyer v. U.S.S. F.D.R. (CV-42) Reunion Assoc.*, 3d Dist. No. 1-09-57, 2010-

Ohio-1502. *See also Gumins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-941, 2011-Ohio-3314, ¶ 11. "De novo review is independent and without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 3d Dist. Allen No. 1-12-47, 2013-Ohio-2149, ¶ 25, citing *Costner Consulting Co. v. U.S. Bancorp*, 10th Dist. Franklin No. 10AP-947, 2011-Ohio-3822, ¶ 10.

*Analysis*

{¶37} In the case before us, both the PRA and CPN between the parties contain a specific rate of interest of "one percent (1%) over the prime rate as stated in the Midwest Edition of the Wall Street Journal". (*See* Article II, Section 2.4 of the PRA and the Interest paragraph in the CPN**)**. Both instruments were signed by the parties. (*Id.*).

{¶38} Further, the Affidavit of Meredith Foster set forth the appropriate percentages for calculation. (Doc. No. 53, Ex. D, ¶ 10) (averring that "the prime rate of interest as stated in the Midwest Edition of the Wall Street Journal was Five Percent (5.00%) resulting in an interest rate of Six Percent (6.00%) on the Note"). The trial court's second cognovit judgment states in its pertinent part:

> It is therefore **ORDERED, ADJUDGED AND DECREED** that judgment is granted in favor of Lima Memorial Hospital and against Scott Watamura, M.D. as follows:
>
> A. Judgment against Scott Watamura, M.D., in the amount of $195,749.56, together with interest on the unpaid principal balance of the $195,749.56 beginning June 4, 2021 at 6.00%,

as well as applicable late fees, costs and expenses and other costs of collection;

(Doc. No. 55). According to our review of the record, the trial court determined that LMH was entitled to receive interest on the cognovit note pursuant to its contract with Watamura and awarded LMH the contracted rate.

{¶39} Now, we turn to Watamura's argument that the trial court erred by failing to include the time period for calculation of said interest rate as "per annum". Notably, the PRA contains the requisite language as set forth in **Article II**, **Section 2.4** titled **Promissory Note** and included the term "per annum", and under paragraph two of CPN titled **PAYMENTS,** the agreement of the parties is determined subject to the PRA that "the principal sum and all accrued interest shall be due and payable in twelve (12) equal monthly installments in accordance with the amortization schedule provided by the Holder". (*See* Doc. No. 53, Exs. A, C). Moreover, although the affidavit did not state that the calculation was to be "per annum", it was not required because both documents were attached to the affidavit that calculated the interest rate for a period of *one year* or "per annum". (*See* Doc. No. 53, Ex. D).

{¶40} Furthermore, the trial court's judgment is supported by the record. To the extent that the trial court's cognovit judgment entry failed to include the words "per annum" appears simply to be a clerical error. Even though, Watamura requests that we vacate the trial court's judgment based on a clerical error and LMH requests

us to order the trial court to file a nunc pro tunc, we believe that issue can be addressed through the appropriate mechanism under Civ.R. 60(A) by the trial court. In short, we find that such a clerical error is not reversible error. *See Hampton-Jones v. Jones*, 8th Dist. Cuyahoga Nos. 77279 and 77412, 2001-Ohio-4229, *9 (Aug. 9, 2001); *Ohio Dept. of Job & Family Servs. State Line Plumbing & Heating, Inc.,* 7th Dist. Mahoning No. 15 MA 0067, 2016-Ohio-3421, ¶ 10, 22, 29.

{¶41} Accordingly, Watamura's third assignment of error is overruled.

{¶42} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**